UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re
**DANIEL SCHNEIDER,**
    Debtor

Chapter 7
Case No. 05-2382-JNF

**V2R, LLC, and SPECIAL SITUATIONS FUND, IV, LLC,**
    Plaintiff

v.

Adv. P. No. 06-01090

**DANIEL SCHNEIDER,**
    Defendant

## ORDER

Upon consideration of 1) the three-count Complaint filed in the above-referenced proceeding;[1] 2)the Debtor's "Motion to Dismiss complaint For failure to State a claim upon

---

[1] The counts include Count I: Fraud; Count II: Breach of Fiduciary Duties; and Count III: Embezzlement or Larceny. See 11 U.S.C. § 523(a)(2)(A) and (4). In their Complaint, the Plaintiffs allege that on May 6, 2005 they commenced an action in Seminole County, Florida, alleging, among other things, fraud, breach of fiduciary duties, and breach of contract against the Debtor. Approximately six weeks later, on July 18, 2005, the Plaintiffs and the Debtor entered into a Settlement Agreement, which was approved by the state court on August 2, 2005. The Plaintiffs stated in their

which relief can be granted;" 3) the "Creditors, V2R, LLC, and Special Situations Fund IV, LLC's Opposition in Response to the Debtor's Motion to Dismiss" and accompanying Memorandum; 3) the representations and arguments made at the April 24, 2006 hearing on the Debtor's Motion to Dismiss; 4) the Debtors [sic] Memorandum of Law in Support of Motion to Dismiss; 5) the Creditors, V2R, LLC, and Special Situations Fund IV, LLC's Supplemental Memorandum of Law in Response to Debtor's Memorandum of Law; 6) the decisions of the United States Supreme Court in <u>Archer v. Warner</u>, 538 U.S. 314 (2003), and <u>Brown v. Felsen</u>, 442 U.S. 127 (1979);[2] 7 ) the decision in <u>In re Jacobs</u>, 243 B.R. 836, 847 n.5

---

Complaint the following: "Mr. Schneider failed to comply with the terms of the Settlement Agreement and otherwise defaulted pursuant to the Settlement Agreement. As such, on or about September 12, 2005, a Final Judgment was entered against Debtor in the amount of $1,418,511.00."

[2] In <u>Archer v. Warner</u>, the Supreme Court stated in pertinent part the following:

[T]he Court's basic reasoning in <u>Brown</u> applies here. The Court pointed out that the Bankruptcy Code's nondischargeability provision had originally covered "only 'judgments' sounding in fraud." 442 U.S., at 138, 99 S.Ct. 2205. Congress later changed the language so that it covered all such "'liabilities.'" <u>Ibid.</u> This change indicated that "Congress intended the fullest possible inquiry" to ensure that "all debts arising out of" fraud are "excepted from discharge," no matter what their form. <u>Ibid.</u>; *see also* 11 U.S.C. § 523(a) (current "any debt" language). Congress also intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them." <u>Brown</u>, 442 U.S., at 134, 99 S.Ct. 2205. The only difference we can find between <u>Brown</u> and the present case consists of the fact that the relevant debt here is embodied in a settlement, not in a stipulation and consent judgment. But we do not see how that difference could prove determinative. The dischargeability provision applies to all debts that "aris[e] out of" fraud. <u>Id.</u>, at 138, 99 S.Ct. 2205; *see also* <u>Cohen v. de la Cruz</u>, 523 U.S. 213, 215, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). A debt embodied in the settlement of a fraud case

(Bankr. M.D. Fla. 2000)("Florida's economic loss rule does not bar this proceeding because the essence of the complaint involves breach of fiduciary duty, larceny, embezzlement and conversion; not breach of contract."); and 8) the decision of the United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), the Court hereby denies the Debtor's Motion to Dismiss.

The Court finds that the Debtor's attempt to distinguish <u>Archer v. Warner</u> is misplaced. The facts alleged by the Plaintiffs fit squarely within the ambit of the Supreme Court's decisions in <u>Archer v. Warner</u> and <u>Brown v. Felsen</u>. Similarly, the Debtor's reliance on res judicata and Florida's economic loss rule are unavailing. The Debtor failed to establish that there was a judgment on the merits as a result of the Florida Court's order

---

"arises" no less "out of" the underlying fraud than a debt embodied in a stipulation and consent decree. Policies that favor the settlement of disputes, like those that favor "repose," are neither any more nor any less at issue here than in <u>Brown</u>. See 442 U.S., at 133-135, 99 S.Ct. 2205. In <u>Brown</u>, the doctrine of res judicata itself ensured "a blanket release" of the underlying claim of fraud, just as the contractual releases did here, post, at 1469. See supra, at 1465-1466. Despite the dissent's protests to the contrary, . . . what has not been established here, as in <u>Brown</u>, is that the parties meant to resolve the issue of fraud or, more narrowly, to resolve that issue for purposes of a later claim of nondischargeability in bankruptcy. In a word, we can find no significant difference between <u>Brown</u> and the case now before us.

538 U.S. at 321-22.

approving the settlement so as to implicate the doctrine of res judicata, and the Florida economic loss rule has no application in the context of a nondischargeability complaint under 11 U.S.C. § 523(a)(2) and (a)(4). Jacobs, 243 B.R. at 847 n.4.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 23, 2006
cc: Theodore W. Connolly, Esq., Daniel Schneider