## UNITED STATES BANKRUPTCY COURT
## DISTRICT COURT OF MASSACHUSETTS
## CHAPTER 7

IN RE DANIEL SCHNEIDER,]
                        ]
SSF                     ] CASE NO.: 05-23382-JNF
                          ADVERSARY PROCEEDING: 06-01090
                        ]
    PLAINTIFF           ]
V.                      ]
DANIEL SCHNEIDER        ]          JUN 13 '06 AM 10:25 USB
    DEFENDANT           ]

## ANSWER AND COUNTERCLAIM OF THE DEFENDANT/DEBTOR DANIEL SCHNEIDER

Now comes the debtor, Daniel Schneider and answers the complaint as follows:

Paragraph one: admitted.

Paragraph two: admitted.

Paragraph three: admitted.

Paragraph four: admits

Paragraph five: the defendant denies paragraph four of the complaint and calls upon the plaintiff to prove same.
Paragraph six: The defendant admits the allegations of paragraph six of the complaint.
Paragraph seven: The defendant denies the date of the involvement and admits the remaining portions of the paragraph.
Paragraph eight: The defendant admits.

Paragraph nine: defendant denies the allegations contained in paragraph nine.
Paragraph 10: admit
Paragraph 11: admit that the defendant had traveled to longwood Florida on one occasion in 2003 and deny that Pomeroy was my agent or that it was the debtor approaching the plaintiff.
Paragraph 12: The debtor admits that he discussed the details of models and calculations but denies the remainder of the allegations and calls upon the plaintiff to prove same.
Paragraph 13: The defendant admits that a joint venture was entered into and denies the remaining allegations contained in paragraph thirteen.

Paragraph 14: The defendant admits that a loan was procured from GBC in the amount of $2,000,000.00.

Paragraph 15: The defendant admits that their were loan documents and admits that there were requirements for the use of proceeds and denies all remaining allegations.

Paragraph 16: The defendant admits the allegations in paragraph sixteen that the loan was secured by SSF membership units but denies that at the time of the loan they were owned by V2R.

Paragraph 17: Admitted.

Paragraph 18: denied that the funds were transferred to the debtor or that the debtor owed a duty to V2R.

Paragraph 19: admitted.

Paragraph 20: denied.

Paragraph 21: Admitted that a wire transfer in the amount of $243,417.35 was forwarded to SSF.

Paragraph 22:

Paragraph 23:

Paragraph 24: admitted.

Paragragh 25: Denied

Paragraph 26: admitted that their was a hand written note denied as to the remaining allegations.

Paragraph 27: Denied

Paragraph 28: denied.

Paragraph 29: denied

Paragraph 30: denied.

Paragraph 31:  denied.

Paragraph 32:

Paragraph 33: Denied.

Paragraph 34. Denied.

Paragraph 35: admitted

Paragraph 36: denied.

Paragraph 37: denied.

Paragraph 38: denied.

Paragraph 39: denied.

Paragraph 40: admitted that a property was purchased denied that the funds were transferred to the debtor by SSF or V2R.

Paragraph 41: denied

Paragraph 42: admitted.

Paragraph 43: admitted.

Paragraph 44: denied.

Paragraph 45: denied.

Paragraph 46: denied.

Paragraph 47: denied.

Paragraph 48: admitted.

Paragraph 49: denied that John Wyman would act as the closing agent and admit that there were 10,000. in certified checks.

Paragraph 50.: Denied.

Paragraph 51: denied.

Paragraph 52: admitted.

Paragraph 53: admitted.

Paragraph 54: the defendant can not admit or deny the allegations contained in paragraph 54.

Paragraph 55: denied.

Paragraph 56: denied.

Paragraph 57: admitted that a suit was filed on May 6, 2005 alleging many things.

Paragraph 58: Admitted.

Paragraph 59.: Admitted.

Paragraph 60: defendant admits that the settlement agreement and that a judgment entered and denies the remaining allegations contained in paragraph 60.

Paragraph 61: admitted.

Paragraph 62: the debtor realleges and reavers the answers contained in paragraph one through 61 as if copied in their entirety.

Paragraph 63: Neither admits nor denies the allegations contained in paragraph 63 but states that they are conclusions that he is not required to answer.

Paragraph 64: Neither admits nor denies the allegations contained in paragraph 63 but states that they are conclusions that he is not required to answer.

Paragraph 65: denied.

Paragraph 66: denied.

Paragraph 67: denied.

Paragraph 68: denied.

Paragraph 69: Neither admits nor denies the allegations contained in paragraph 63 but states that they are conclusions that he is not required to answer.

Paragraph 70: denied.

Paragraph 71: denied.

Paragraph 72: denied.

Paragraph 73: denied.

Paragraph 74: the debtor realleges and reavers the answers contained in paragraph one through 61 as if copied in their entirety.

Paragraph 75: Neither admits nor denies the allegations contained in paragraph 63 but states that they are conclusions that he is not required to answer.

Paragraph 76: denied.

Paragraph 77: denied.

Paragraph 78: denied.

Paragraph 79: denied.

Paragraph 80: denied.

Paragraph 81: denied.

Paragraph 82: denied.

Paragraph 83: denied.

Paragraph 84: denied.

Paragraph 85: Neither admits nor denies the allegations contained in paragraph 85 but states that they are conclusions that he is not required to answer.

Paragraph 86: the debtor realleges and reavers the answers contained in paragraph one through 61 as if copied in their entirety.

Paragraph 87: Neither admits nor denies the allegations contained in paragraph 87 but states that they are conclusions that he is not required to answer.

Paragraph 88: denied.

Paragraph 89: denied

Paragraph 90: Neither admits nor denies the allegations contained in paragraph 90 but states that they are conclusions that he is not required to answer.

Wherefore, the defendant/debtor prays that this court render judgment for the debtor and discharge the debt, plus award costs and fees and any other and further relief as the Court deems just.

And in Further answering the defendant state the following defenses:

Defense Number One: Economic Loss Rule Bars Recovery under Florida Law for all counts of the complaint and therefore should be dismissed with prejudice.

that the complaint fails to state a claim Rule 12 b 6 for relief under the economic loss rule pursuant to Florida Law and should be dismissed.

Defense Number two: Collateral estoppel

The debtor states that an agreement regarding the counterclaims of the debtor and the allegations of the plaintiff was reached and a contract for settlement was entered into. At the time of the settlement agreement, the

debtor was credited with a payment of $269,000.00 for the sale of the Wilmington property. GBC was owed prior to the transfer of Wilmington 1,200,000 on the line of credit.
In furtherance of the contract the debtor transferred approximately three hundred thousand dollars in cash and properties with a market value less debt of $440,000.00. for a total of 1,009,000.00.

Defense number three Res judicata

The debtor states that the agreement for judgment entered into by the parties acts as a final judgment to all issue that were alleged in the complaint including all counterclaims against V2r which the debtor had. The parties were identical, the claims are the same and under Florida law the plaintiffs are estopped from attempting to relitigate the issues in Bankruptcy Court.

Defense number four: Unclean hands.

The plaintiff lied about the credit line and his relationship to GBC as well as his background. Specifically, Bahram Ysusefzadah failed to inform the debtor that he had been involved in a four million dollar securities fraud swindle of his shareholders while he was the CEO of Pheoinix International. U.S. District Court 6:99-cv-01495-JA. Bahram Yusefzadah further failed to inform the debtor that he had formed a company with GBC known as V2RFS Services and that he had used the money that was to be invested in purchasing properties to pay for the legal services and his shares of said company. Fourth, the plaintiff in contravention of the agreement wrongfully converted well over $150,000 dollars during the term of the agreement.Fifth, the plaintiff lied on every occasion regarding the extent of the loan and the terms of the loan. Specifically, Bahram Yusefzadah lied about the loan being closed when he had diverted the money to Florida and had taken the processes developed by

the debtor and began purchasing with a local investor named Icardi (now a director of V2R).

Defense Number 5
The debtor if found liable should receive a credit for the payments made to the creditor and the properties transferred in the amount of 1,190,000.00 plus the money converted by Bahram Yusefzadah as the managing member of V2r as well as all overages on the budgets of the rehabilitations, taxes, and other costs that accumulated on the properties while in the process of being purchased and resold.

Defense number 6
If all of the allegations alleged were true the debt would still be dischargeable due to a novation when the parties entered into the settlement agreement and it is simply a breach of contract claim that is dischargeable in Bankruptcy.

Respectfully Submitted,
The Debtor,

JUN13'06 AM10:26 USB

Daniel Schneider
122 Warren Avenue
Plymouth, Ma. 02360
Tel.: No.: 508-830-9494
Dated: ~~February 22~~ June 7, 2006

~~CERTIFICATE OF SERVICE~~

CERTIFICATE OF SERVICE

I, Daniel Schneider hereby certify under the pains and penalties of perjury that I served a true copy of the motion to dismiss by U.S. mail postage prepaid to plaintiff's attorney, Theodore Connolly, Edwards Angell Palmer & Dodge, 111 Huntington Ave. Boston, Ma. 02199 and Warren Agin Esq., Trustee, Two Center Plaza, Suite 510, Boston, Ma. 02108

Signed Under the pains and penalties of perjury this 7th day of June, 2006.

_____
Daniel Schneider

JUN 13'06 AM 10:26 USB