**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: Daniel Schneider,<br>               Debtor.<br><br>V2R, LLC, and SPECIAL SITUATIONS<br>FUND, IV, LLC,<br><br>               Plaintiffs,<br>vs.<br><br>DANIEL SCHNEIDER,<br><br>               Defendant. | Chapter 7<br>Case No. 05-23382-JNF<br><br><br><br><br><br><br>Adversary Case No. 06-01090 |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is executed effective 2nd day of OCTOBER, 2006, by V2R, LLC, ("V2R") and SPECIAL SITUATIONS FUND IV, LLC ("SSF"), and by DANIEL SCHNEIDER (hereafter, "Mr. Schneider" or "Debtor"). V2R and Debtor are currently involved in the above referenced adversary action (the "Adversary Action"):

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, all parties herein agree as follows:

1.    The parties agree and acknowledge that the debt of the Debtor evidenced by, and contained in, the Final Judgment attached hereto as Exhibit "A" is non-dischargeable pursuant to 11 U.S.C. §523, or any other applicable insolvency laws.

2.    The Debtor reaffirms and ratifies the debt owed to SSF and V2R set forth in the

1



attached Final Judgment (hereinafter the "Final Judgment") and agrees that the debt to SSF and V2R shall not be discharged, or dischargeable, in this Adversary Action or in his underlying bankruptcy action known as In re Schneider, Case Number 05-23382-JNF, pending in the United States Bankruptcy Court in the District of Massachusetts, or in any other bankruptcy proceeding.

3. The parties agree that in the event that the Debtor pays to SSF the sum of One Million and 00/100 United States Dollars ($1,000,000.00), by a cashier's check, certified check, or wire transfer, by payment to the order of SSF, on or before June 30, 2009, then the debt owed to SSF and V2R as set forth in the Final Judgment shall be satisfied.

4. If the Debtor fails to pay SSF the sum of One Million and 00/100 United States Dollars ($1,000,000.00), by a cashier's check, certified check, or wire transfer, by payment to the order of SSF, on or before June 30, 2009, then if the Debtor pays to SSF the sum of One Million Two Hundred Thousand and 00/100 United States Dollars ($1,200,000.00), by a cashier's check, certified check, or wire transfer, by payment to the order of SSF, on or before June 30, 2010, the debt owed to SSF and V2R as set forth in the Final Judgment shall be satisfied.

5. The Debtor shall pay to SSF the sum of One Thousand Five Hundred and 00/100 United States Dollars ($1,500.00) per month each and every month starting on January 31, 2008, up to the time that the Debtor makes the payments set forth in paragraphs 3 or 4 above. These payments shall be credited towards the total amount due to SSF.

6. If the Debtor fails to pay SSF the any sums that are due, or any installment, or otherwise defaults hereunder, then the entire amount of the debt as set forth in the Final Judgment, with interest, shall remain due and owing, and shall become due an owing immediately without demand.

7. This Settlement Agreement and the proposed Order attached as Exhibit "B" shall

2

be submitted to the Court for approval and shall be subject to Court approval if necessary.

8. V2R and SSF shall have seven (7) days from the execution of this Settlement Agreement by Debtor to execute this document and agree to its terms. In the event that SSF and V2R do not agree to this Settlement Agreement then the terms of this Settlement Agreement are null and void. Debtor shall not withdraw his consent to this Settlement Agreement and the Debtor's execution is an irrevocable agreement to be bound by the terms of this Settlement Agreement, if the terms are agreed to by SSF and V2R.

9. V2R and SSF reserve, retain and preserve any and all claims, rights, interests, and defenses that they may have in the Debtor's underlying bankruptcy action. Nothing in this Settlement Agreement shall prohibit, impair or preclude V2R and SSF from asserting or maintaining any and all claims, rights, interests, and defenses that they may have in the Debtor's underlying bankruptcy action

10. The Court in the Adversary Action shall have the jurisdiction to interpret, construe, grant relief relating to any breach, and enforce this Settlement Agreement by motion and notice of any party, and the parties expressly agree to and consent to the jurisdiction of such Court. In the event the Debtor defaults then V2R and SSF shall be entitled to recover their reasonable attorneys' fees and costs as it relates to the enforcement of this Settlement Agreement and collection of the debt.

11. Each and every party to this Settlement Agreement acknowledges, agrees, swears, and warrants, that this Settlement Agreement contains the entire agreement between the parties and that the terms of this Settlement Agreement are contractual and not a mere recital.

12. Each and every party to this Settlement Agreement hereby acknowledges, agrees, swears, and warrants, that each party has consulted, or had the opportunity to consult with, and

3

receive, independent advice from legal counsel regarding the parties' settlement and has been fully advised as to the meaning of the terms set forth in this Settlement Agreement, and that each party has not relied on any representation of fact or law, or the omission of any representation of fact or law, to induce execution of this Settlement Agreement, other than representations offering the consideration expressly exchanged hereby, and other factual representations made herein.

13. Time is of the essence in the performance of all terms and conditions of this Settlement Agreement.

14. As a matter of convenience, the facsimile signatures of the parties to this Settlement Agreement shall be treated as original signatures, and this Settlement Agreement may be executed in counterparts.

V2R, LLC

By: _____
BAHRAM YUSEFZADEH
Its: V2R'S SOLE MEMBER AND MANAGER

Date: 10-2-2006

SPECIAL SITUATIONS FUND IV, LLC

By: _____
BAHRAM YUSEFZADEH
Its: MEMBER AND MANAGER

Date: 10-2-2006

DANIEL SCHNEIDER, an individual

_____

Date: 9/26/2006

4

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NUMBER: 05-CA-968-15-W

V2R, LLC,

    Plaintiff,

v.

SPECIAL SITUATIONS FUND IV, LLC,
DANIEL SCHNEIDER, JAMES POMEROY,
PRIORITY ONE PROPERTIES, LLC,
and BUYER'S EDGE, LLC

    Defendants.

_____/

## FINAL JUDGMENT AGAINST DANIEL SCHNEIDER AND BUYER'S EDGE, LLC

This action came on before the Court on September 12th, 2005, after entry of the "Order Approving Settlement Agreement By And Between V2R, LLC, And Daniel Schneider And Buyer's Edge, LLC" and upon consideration of the "Affidavit of Non-Compliance, Default, Indebtedness and Non-Military" filed by V2R, LLC, and the Court having reviewed the pleadings, the affidavits, the Settlement Agreement, and other evidence, and having been duly advised in the premises, it is hereby

**ORDERED** and **ADJUDGED** that Plaintiff, V2R, LLC, (whose mailing address is 2180 West State Road 434, Suite 6184, Longwood, Florida 32779), shall recover from the Defendant, DANIEL SCHNEIDER AND BUYER'S EDGE, LLC, damages in the amount of One Million Four Hundred Eighteen Thousand Five Hundred Eleven and 00/100 Dollars ($1,418,511.00), that shall bear interest at the rate of 7% a year.

**IT IS FURTHER ORDERED** and **ADJUDGED** as follows:

1. Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, shall immediately cause to be conveyed, by good and sufficient fee simple special warranty deed, to SPECIAL SITUATIONS FUND IV, LLC, the following properties, 707-709 Park Avenue, Woonsocket, Rhode Island 02895; 15 West Tremlett Street, Dorchester Center, Massachusetts 02124; 52 Metacomet, Swanzee, Massachusetts; 87 Eutaw Street, Lynn, Massachusetts; and 800 Bearse's Way, Hyannis, Massachusetts.

2. On or before 5:00 p.m., on September 28, 2005, Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, shall pay for and provide title insurance and deliver original fully executed title policies to counsel for V2R, from a reputable Massachusetts title insurance company, which evidence that BUYERS EDGE held good, clear, and marketable title to 707-709 Park Avenue, Woonsocket, Rhode Island 02895; 15 West Tremlett Street, Dorchester Center, Massachusetts 02124; 52 Metacomet, Swanzee, Massachusetts; 87 Eutaw Street, Lynn, Massachusetts; and 800 Bearse's Way, Hyannis, Massachusetts, and did transfer good, clear, and marketable title to the above referenced properties to SPECIAL SITUATIONS FUND IV, LLC, and which title insurance evidences that fee simple absolute title is presently vested in SPECIAL SITUATIONS FUND IV, LLC, subject to no lien, claim, mortgage, or other encumbrance on any of the above referenced properties.

3. Only in the event that Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, comply with paragraphs 1 and 2 above, and all other provisions of the Settlement Agreement, on or before 5:00 p.m., on September 28, 2005, then Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, shall be entitled to a credit of

up to the appraised value of the properties (as provided for in the Settlement Agreement) as against the indebtedness of $1,418,511.00. Unless and until Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, are in complete compliance with paragraphs 1 and 2 above and all other terms of the Settlement Agreement, no credit whatsoever against the indebtedness of $1,418,511.00 shall exist or be provided to Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC. As such, V2R shall be entitled to collect the full amount of the judgment amount of $1,418,511.00 as provided herein against Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, jointly and severally, subject, however, to Defendants, DANIEL SCHNEIDER and BUYER'S EDGE, LLC, being given credit as against such judgment of the amount actually collected by V2R as provided for in this Final Judgment.

4. V2R is entitled to recover attorneys' fees and costs for providing the notice of default and for obtaining this Final Judgment. This Court retains and maintains jurisdiction to determine the amount of such attorneys' fees and costs.

6. This Court shall retain jurisdiction of this matter to interpret, construe and enforce the terms of the Settlement Agreement and this Final Judgment.

FOR ALL OF WHICH SUMS LET EXECUTION ISSUE.

**DONE** and **ORDERED** in Chambers at Sanford, Seminole County, Florida this 12th day of September, 2005.

_____
HON. CLAYTON D. SIMMONS
Circuit Judge

**CERTIFICATE OF SERVICE**

CERTIFIED COPY
MARYANNE MORSE
CLERK OF CIRCUIT COURT
SEMINOLE COUNTY, FLORIDA
BY: _____
DEPUTY CLERK
DATE: SEP 1 2 2005

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and facsimile transmission on the 12th day of September 2005, to: Bart R. Valdes, Esquire, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, 332 North Magnolia Avenue, Orlando, Florida 32802; Douglas A. Kelly, Esquire, 200 South Orange Avenue, Suite 2600, Orlando, FL 32801; Special Situations Funds IV, LLC, c/o its Registered Agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801-1196; Scott Frazier, Esquire, 125 East Jefferson Street, Orlando, FL 32801; and James Pomeroy, 11 Meadow Haven Drive, Mashpee, MA 02649.

JUDICIAL ASSISTANT/ATTORNEY

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re: Daniel Schneider,<br>                Debtor.<br><br>V2R, LLC, and SPECIAL SITUATIONS<br>FUND, IV, LLC,<br><br>                Plaintiffs,<br>vs.<br><br>DANIEL SCHNEIDER,<br><br>                Defendant. | Chapter 7<br>Case No. 05-23382-JNF<br><br><br><br><br><br><br><br>Adversary Case No. 06-01090 |

## ORDER FOR JUDGMENT

Upon due consideration of the Settlement Agreement, the Court finds that:

1) The Settlement Agreement is approved and the parties are hereby ordered to comply with the terms of it.

2) The debt owed by the Daniel Schneider (the "Debtor") to V2R, LLC and Special Situations Fund IV, LLC (the "Plaintiffs") is non-dischargeable pursuant to Section 523 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3) The Court reserves exclusive jurisdiction to resolve any and all disputes that may arise of the Settlement Agreement and this Order for Judgment, including failure of the Debtor to pay as agreed to in the Settlement Agreement.

                                          By the Court,

                                          Honorable Joan N. Feeney
                                          United States Bankruptcy Court